*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# S T A T E   O F   M I C H I G A N

# C O U R T   O F   A P P E A L S

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
April 15, 2021

Plaintiff-Appellee,

v

No. 348922
Wayne Circuit Court
LC No. 18-004065-01-FC

TERRIANCE NIGEL-RAY DAVIS,

Defendant-Appellant.

Before: TUKEL, P.J., and SERVITTO and RICK, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial convictions for second-degree murder, MCL 750.317, felon in possession of a firearm (felon-in-possession), MCL 750.224f, and possession of a firearm during the commission of a felony, second offense, (felony-firearm), MCL 750.227b. We affirm.

## I. BACKGROUND

Defendant's convictions arise out of the shooting death of Freddie Goss, Jr., on April 7, 2018. Four people testified at trial that defendant shot Goss: Takela Hooten (Goss's girlfriend), Raynard Cann (Hooten's brother), Roshard Murray (Cann's friend), and another witness. Although each of these four witnesses made previous statements that were inconsistent with their trial testimony, the jury convicted defendant.

On appeal, defendant argues the trial court erred by permitting the prosecution to introduce Cann's and Murray's testimony under MRE 404(b), as well as testimony that defendant followed them in a vehicle several days after the shooting to intimidate them. Specifically, defendant argues the evidence was not admissible to show defendant's consciousness of guilt because Cann and Murray did not see defendant in the vehicle following them. He further argues that the prosecution could not admit the evidence to bolster Cann's and Murray's credibility. Finally, defendant argues that any probative value of the evidence was outweighed by its prejudicial effect because the evidence portrayed him as an intimidating person attempting to interfere with the witnesses. We disagree.

-1-

## II. ANALYSIS

We review a trial court's decision to admit evidence for an abuse of discretion. *People v Thorpe*, 504 Mich 230, 251; 934 NW2d 693 (2019). A trial court abuses its discretion when it "chooses an outcome that falls outside the range of principled outcomes." *People v Douglas*, 496 Mich 557, 565; 852 NW2d 587 (2014) (quotation marks and citation omitted).

Generally, all relevant evidence is admissible. MRE 402. Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." MRE 401. MRE 404(b) creates an exception to the general rule by prohibiting the introduction of "[e]vidence of other crimes, wrongs, or acts . . . to prove the character of a person in order to show action in conformity therewith." MRE 404(b)(1). In other words, "evidence of other crimes, wrongs, or acts is inadmissible to prove a propensity to commit such acts." *People v Denson*, 500 Mich 385, 397; 902 NW2d 306 (2017). However, MRE 404(b) does not prohibit the admission of other-acts evidence that is admitted for some other, nonpropensity purpose, "such as proof of motive, opportunity, intent, preparation, scheme, plan, or system in doing an act, knowledge, identity, or absence of mistake or accident." MRE 404(b)(1). Our Supreme Court provided the following framework for assessing the admissibility of evidence under MRE 404(b):

> First, that the evidence be offered for a proper purpose under Rule 404(b); second, that it be relevant under Rule 402 as enforced through Rule 104(b); third, that the probative value of the evidence is not substantially outweighed by unfair prejudice; fourth, that the trial court may, upon request, provide a limiting instruction to the jury. [*People v VanderVliet*, 444 Mich 52, 55; 508 NW2d 114 (1993), amended 445 Mich 1205 (1994).]

Cann and Murray both testified that, after they witnessed the shooting, they noticed an SUV that appeared to follow them while they walked down the street together. Although neither actually saw defendant in the vehicle, they both believed that the defendant was the driver. Cann testified the SUV was a beige Yukon or other similarly large SUV, and he associated it with defendant because he saw the vehicle outside Hooten's home on the night of the shooting and he saw it at a party he attended where he first met defendant. Murray testified that the SUV was a champagne-colored Tahoe, and he associated it with defendant because he saw it in front of Hooten's home the day after the shooting. Officer Douglas testified that the vehicle defendant was arrested in was a tan, 2002 Chevrolet Suburban.

Before trial, the prosecution provided defendant notice of its intent to introduce and admit the evidence under MRE 404(b). The trial court granted the motion and concluded that the evidence was admissible under MRE 404(b) to show defendant's consciousness of guilt. The court also concluded that the probative value of the evidence was not substantially outweighed by its prejudicial effect. The court did not address whether the evidence was admissible to bolster the credibility of Cann and Murray, despite the prosecution arguing it was also admissible for that purpose.

As an initial matter, the parties and trial court missed an important preliminary issue: this evidence is not other-acts evidence at all. Under MRE 404(b)(1), "[e]vidence of other crimes,

wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith." "Thus, by its plain terms, MRE 404(b) only applies to evidence of crimes, wrongs, or acts 'other' than the 'conduct at issue in the case' *that risks an impermissible character-to-conduct inference.*" *People v Jackson*, 498 Mich 246, 262; 869 NW2d 253 (2015) (emphasis added). "Correspondingly, acts comprised by or directly evidencing the 'conduct at issue' are not subject to scrutiny under MRE 404(b)." *Id.* In this case, the prosecution did not rely on a character-to-conduct inference to gain probative value from this evidence. Instead, it sought to use defendant's *conduct* of following Cann and Murray to enable the jury to infer that defendant was attempting to intimidate two eyewitnesses and, therefore, committed the charged offenses. That defendant's intimidating conduct also presented the possibility of the jury concluding he had an intimidating character trait does not change this analysis. The key is that the prosecution was not using defendant's potential character trait to imply defendant acted in conformity with that character trait. See *VanderVliet*, 444 Mich at 62-64 (explaining the type of inferences MRE 404(b) was implemented to prevent). Indeed, the prosecution did not need to use such an inference because Cann and Murray testified that they believed defendant was following them after they witnessed the shooting. Therefore, MRE 404(b) was not applicable to this evidence, and the ordinary rules of admissibility under MRE 401 and MRE 402, subject to exclusion under MRE 403, should have been applied by the trial court.

Applying the appropriate rules, this evidence was properly admitted. Clearly, defendant following two eyewitnesses days after the charged conduct occurred could permit the jury to infer that defendant was attempting to intimidate the witnesses and, as such, suggests consciousness of guilt. Consciousness of guilt, in turn, tends to make it more probable that defendant committed the charged offenses than if the evidence were not presented. MRE 401. However, because Cann and Murray did not see defendant in the vehicle following them, this evidence was only relevant if sufficient evidence was admitted upon which the jury could conclude that defendant was in the vehicle. See MRE 104(b) ("When the relevancy of evidence depends upon the fulfillment of a condition of fact, the court shall admit it upon, or subject to, the introduction of evidence sufficient to support a finding of the fulfillment of the condition.") Cann's testimony that he saw the vehicle outside Hooten's home on the night of the shooting and at a party where he first met defendant, as well as the similarity of the vehicle's description provided by Cann and Murray to Officer Douglas's description of defendant's vehicle, satisfy this requirement because it could support a finding that defendant was the driver. Thus, the evidence was relevant under MRE 401 and, therefore, admissible under MRE 402.

Further, the evidence had little, if any, unfair prejudicial effect on defendant. "[E]vidence is unfairly prejudicial when there exists a danger that marginally probative evidence will be given undue or preemptive weight by the jury." *People v Musser*, 494 Mich 337, 357; 835 NW2d 319 (2013) (quotation marks and citation omitted). If the jury did not believe defendant was the driver of the vehicle, it would have excluded consideration of the evidence altogether and, thus, had no prejudicial effect. If the jury believed that defendant was the driver, in light of the testimony of no less than four eyewitnesses that saw defendant shoot Goss, the possibility of the jury giving this evidence undue or preemptive weight seems unlikely. *Id.* In any event, the possible prejudice did not substantially outweigh the probative value of the evidence. Therefore, it was not subject to exclusion under MRE 403. For these reasons, Cann's and Murray's testimony that defendant followed them after they witnessed the shooting was admissible.

Nevertheless, even under MRE 404(b), this evidence was admissible. Under *VanderVliet*, the first hurdle the prosecution had to overcome was offering the evidence for a proper purpose under MRE 404(b). *VanderVliet*, 444 Mich at 55. The prosecution argued the evidence was admissible to show defendant's consciousness of guilt. As consciousness of guilt is a nonpropensity purpose, it was a proper purpose under MRE 404(b). Second, the prosecution had to establish the evidence was relevant. *Id*. As noted earlier, following an eyewitness days after an alleged crime supports an inference of intimidation, and intimidation supports an inference of guilt.[1] Thus, the evidence made it more probable that defendant committed the charged offenses than if the evidence was not admitted—i.e., it was relevant. MRE 401. Third, the prosecution had to show that the probative value of the evidence was not substantially outweighed by any unfair prejudice. *VanderVliet*, 444 Mich at 55. As discussed earlier, the prosecution met its burden here as well. For these reasons, the trial court did not abuse its discretion in admitting the evidence under MRE 404(b), assuming it falls within MRE 404(b) at all.

Defendant also argues that the evidence was inadmissible to bolster the credibility of Cann and Murray. According to the prosecution, Cann and Murray initially lied to the police because they were afraid of defendant and they believed defendant was following them. As noted earlier, the trial court did not address this argument. Further, defendant's argument on this issue lacks any legal citation and is, thus, abandoned. *People v Miller*, 326 Mich App 719, 739; 929 NW2d 821 (2019). Nevertheless, the proffered purpose was also proper, whether under the ordinary rules of admissibility or under MRE 404(b). "Credibility of a witness is almost always at issue, and thus evidence bearing on that credibility is always relevant." *People v Spaulding*, ___ Mich App ___, ___; ___ NW2d ___ (2020) (Docket No. 348500); slip op at 11. The credibility of Cann and Murray was certainly relevant here because the prosecution was asking the jury to believe their testimony that defendant shot Goss.[2] Further, that a vehicle Cann and Murray believed to be driven by defendant was following them days after the alleged murder tends to explain why they were initially reluctant to tell the police the truth of what they observed. As such, it was both material and probative under MRE 401, and it was not propensity evidence under MRE 404(b). We note that under this theory of admissibility, the actual identity of the driver is not important. All that matters is that Cann and Murray *believed* defendant was the driver. Finally, once again, the risk of unfair prejudice to defendant was fairly limited. Under this theory, the jury would only have used the testimony to consider how much weight to give to Cann's and Murray's testimony. With such a limited scope of relevance, the risk of undue or preemptive weight is similarly limited. *Musser*, 494 Mich at 357. For these reasons, Cann's and Murray's testimony was similarly admissible to explain why they initially lied to police.

---

[1] The discussion earlier about there being sufficient evidence for the jury to conclude defendant was the driver of the vehicle following Cann and Murray applies equally here.

[2] We also note that "[t]he credibility of a witness may be attacked by any party, including the party calling the witness." MRE 607.

Affirmed.

/s/ Jonathan Tukel
/s/ Deborah A. Servitto
/s/ /Michelle M. Rick